CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 20 2016

JULIA C. DUDLEY, CLERK
BY: s/H. McDonald
DEPUTY CLERK

| | | |
|---|---|---|
| ANITA RENEE DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:15-cv-00027 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of Hon. Joel C. Hoppe recommending that I grant the Commissioner of Social Security's ("Defendant") Motion for Summary Judgment and affirm Defendant's final decision. Anita Renee Douglas ("Plaintiff") filed timely Objections to the R & R on September 12, 2016. Defendant did not respond. Therefore, the Objections are ripe for consideration. I have reviewed Defendant's motion for summary judgment, Judge Hoppe's R & R, Plaintiff's Objections, and the relevant portions of the record. For the reasons stated below, I will overrule Plaintiff's Objections, adopt Judge Hoppe's R & R, grant Defendant's Motion for Summary Judgment, and dismiss this case from the Court's docket.

**I.**    **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On August 23, 2013, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act, respectively. *See* 42 U.S.C. § 401–433; 1381–1383f; (R. 213–28.) In her application, Plaintiff alleged that she was disabled as of April 1, 2013. (R. at 220.) On December 10, 2013, Plaintiff's application was denied. (R. at 124–26.) The Social Security Administration

("SSA") Appeals Council denied Plaintiff's request for reconsideration. (R. at 132–34.) Plaintiff requested a hearing with an Administrative Law Judge ("ALJ"), ( R. at 138–40), which was held on December 9, 2014. (*See* R. 40–77.) Plaintiff and Arthur M. Brown, a vocational expert, testified. (*See id.*) Plaintiff was represented by counsel at the time, but is now appearing *pro se*.

On December 14, 2014, the ALJ, Marc Mates, submitted his decision including findings of fact and conclusions of law. (R. at 16–39.) The ALJ applied the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a).[1] After finding that Plaintiff met the insured status requirements of the Social Security Act, he determined that Plaintiff had not engaged in substantial gainful activity since April 1, 2013. (R. at 21.) The ALJ then determined that Plaintiff "has the following severe impairments: myalgia, hypertension, and obesity . . . ." (R. at 21.) Plaintiff was found to have other impairments, including fibroids, right eye glaucoma, depression, rectal bleeding, constipation, and abdominal pain, but these were not considered severe. (*Id.* at 22.) Although Plaintiff was previously diagnosed with depression, the ALJ determined it did "not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore not severe." (*Id.* at 22). Third, the ALJ found that Plaintiff did not have an impairment or condition that meets the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P. Appendix 1. (R. at 23.)

Fourth, the ALJ found that Plaintiff has the residual functional capacity:

---

[1] The five-step process requires an ALJ to determine: (1) whether the claimant is engaging in substantial gainful activity, 20 C.F.R. §§ 404.1520(b), 416.920(b); (2) whether the claimant has a "severe" impairment or combination of impairments, 20 C.F.R. §§ 404.1520(c), 416.920(c); (3) whether the claimant's impairments are sufficiently severe as determined by the criteria set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525–26, 416.920(d), 416.925–26; (4) whether the claimant has the residual functional capacity to perform the requirements of her past relevant work, 20 C.F.R. §§ 404.1520(f), 416.920(f); and (5) whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

> [T]o perform a range of light work . . . in that she is able to lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk about 6 hours, and sit about 6 hours in an 8-hour workday. She cannot climb ladders, ropes, or scaffolds, but can perform other postural activities, like balancing and stooping, on an occasional basis, and she must avoid concentrated exposure to hazards, like unprotected heights and dangerous moving machinery.

(R. at 25.) In arriving at this conclusion, the ALJ reviewed Plaintiff's medical records and Plaintiff's testimony, finding the latter to be inconsistent with her records: "Evidence that the claimant has not been consistent in taking prescribed medication suggests her symptoms may not have been as limiting as alleged in connection with the application." (R. at 32.) Plaintiff's medical records showed a history of treatment that was "routine and conservative in nature. Specifically, she has required no hospitalizations or surgery, and she has been treated primarily with medications and injections, as well as encouragement to lose weight with exercise." (*Id.*)

The ALJ gave "partial weight" to findings of a "State agency medical consultant," (*see* R. at 90–107), who found that Plaintiff could "perform[] a range of light work" without any postural and environmental limitations. (R. at 33.) The ALJ added postural and environmental limitations "to afford [Plainitff] the maximum benefit." (*Id.*) Finally, the ALJ found that Plaintiff "is capable of performing past relevant work as an insurance agent, teacher's aide, dispatcher, and office clerk." (R. at 33.)

Plaintiff petitioned the SSA Appeals Council to review the ALJ's decision, arguing that the ALJ's findings were not supported by substantial evidence. (R. at 14.) The Appeals Council affirmed the ALJ's decision. (R. at 1–5.) While Plaintiff had been represented by counsel at the administrative hearing, her attorneys withdrew their representation shortly before she filed her petition with the Appeals Council. (R. at 13, 15.)

- 3 -

Case 4:15-cv-00027-JLK-JCH   Document 20   Filed 10/20/16   Page 3 of 7   Pageid#: 814

After Defendant's decision became final, Plaintiff filed the present action, (Compl., July 15, 2015 [ECF No. 2]), and I referred the matter to Magistrate Judge Hoppe. (Order, July 21, 2015 [ECF No. 8].) Plaintiff filed a brief, arguing that her medical records show that she qualifies for disability. (Pl.'s Br., Dec. 11, 2015 [ECF No. 14].) She also submitted additional medical records. (Pl.'s Med. R., Nov. 6, 2015 [ECF No. 9].) Defendant moved for summary judgment (Mtn. for Summ. J., Jan. 13, 2016 [ECF No. 15].) Judge Hoppe issued his R & R recommending that I grant Defendant's motion for summary judgment. (R & R, Aug. 22, 2016 [ECF No. 18].) In his R & R, Judge Hoppe determined that the additional medical records were cumulative and would not have affected the Defendant's decision. (*Id.* at 17.) Judge Hoppe concluded that I should grant the Commissioner's Motion for Summary Judgment, affirm the Commissioner's final decision, and dismiss the case. (*Id.* at 18.) On September 12, 2016, Plaintiff filed a timely objection to Judge Hoppe's R & R (Obj. to R & R, Sept. 12, 2016, [ECF No. 19].) In her objection, Plaintiff makes a general argument that Judge Hoppe erred in finding that substantial evidence supported the Commissioner's decision, and the court failed to consider Plaintiff's entire medical history.

## II.  STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence, and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other

words, the substantial evidence standard is satisfied by producing more than a scintilla of evidence, which may be less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the Vocational Examiner, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *See Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the [ALJ]." *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

### III.  DISCUSSION

In her Objection to the R & R, Plaintiff repeats the same arguments that she made in her brief before Judge Hoppe. (*Compare* Pl.'s Br. 1–2 [ECF No. 14] ("I have multiple disabilities . . . If you have viewed my Medicaid records then you know my medical history."), *with* Obj. to R & R [ECF No. 19] (Arguing that there is "no way the court could have made a reasonable decision" if it had reviewed her medical records.).) As I have previously stated, a plaintiff's argument, in objecting to a Magistrate Judge's R & R must be more than "I disagree with him." *Keith v.*

*Astrue*, 2012 WL 4458649, at *3 (W.D. Va. 2012). Although such recycled arguments would be sufficient to deny Plaintiff's Objection, I will address Plaintiff's arguments.[2]

In her Objection, Plaintiff argues that the court failed to consider her full medical history, claiming that the records before the ALJ were outdated. (*See* Obj. to R & R 1.) A matter, however, should be remanded back to the agency to consider new evidence "only upon a showing that there is *new evidence which is material* and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g) (emphasis added). Moreover, the burden of production for the first four steps of the disability evaluation rests with the claimant; the burden only shifts to the Commissioner on step five where the Commissioner must produce evidence that there are other jobs which the claimant can perform. *Dunn v. Colvin*, 973 F. Supp.2d 630, 635 (W.D. Va. 2013) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)). The medical records that Plaintiff claims were not considered by Defendant were available at the time of the hearing before the ALJ.[3] Therefore,

---

[2] Mere repetition of those arguments rejected by Magistrate Judge Hoppe is generally not sufficient to state an objection under Federal Rule of Civil Procedure 72. Plaintiff's attempt to have "two bites at the apple" is improper:

> The issues that Plaintiff raises in her general objection have already been addressed by [the Magistrate Judge] when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection "make[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

*Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

[3] In her Objection to Judge Hoppe's R & R, Plaintiff states only that the medical records considered by Judge Hoppe and the ALJ are outdated, (Obj. to R & R 1), but she has not provided any additional records to substantiate her claim. The only additional records she has provided since filing the present action were "notes of phone messages between [Plaintiff] and her medical providers about medical complaints and

- 6 -

Case 4:15-cv-00027-JLK-JCH Document 20 Filed 10/20/16 Page 6 of 7 Pageid#: 817

they are not new, and it was Plaintiff's responsibility to produce these documents in a timely fashion.

I do not deny that Plaintiff has suffered from several maladies throughout her life, and that these conditions have had an impact on her day-to-day activities. I sympathize with her. There exists, however, substantial evidence on the record to support the ALJ's findings, and Plaintiff has failed to make a cogent legal argument demonstrating error on the part of either Judge Hoppe or Defendant.

## IV. CONCLUSION

I will **OVERRRULE** Plaintiff's Objections, **ADOPT** Judge Hoppe's R & R, **GRANT** the Defendant's Motion for Summary Judgment, and **DISMISS** this case from the Court's docket.

The clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Hoppe.

Entered this 20th day of October, 2016.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

administering prescriptions. (*See* R & R 17.) Judge Hoppe found this evidence to be cumulative, and I see no reason to disagree.

they are not new, and it was Plaintiff's responsibility to produce these documents in a timely fashion.

I do not deny that Plaintiff has suffered from several maladies throughout her life, and that these conditions have had an impact on her day-to-day activities. I sympathize with her. There exists, however, substantial evidence on the record to support the ALJ's findings, and Plaintiff has failed to make a cogent legal argument demonstrating error on the part of either Judge Hoppe or Defendant.

**IV.** **CONCLUSION**

I will **OVERRRULE** Plaintiff's Objections, **ADOPT** Judge Hoppe's R & R, **GRANT** the Defendant's Motion for Summary Judgment, and **DISMISS** this case from the Court's docket.

The clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Hoppe.

Entered this 20th day of October, 2016.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

administering prescriptions. (*See* R & R 17.) Judge Hoppe found this evidence to be cumulative, and I see no reason to disagree.